[No. E004109. Fourth Dist., Div. Two. Mar. 3, 1989.]

PALACIO DE ANZA et al., Plaintiffs and Appellants, v.
PALM SPRINGS RENT REVIEW COMMISSSION, Defendant and
Respondent;
TENANTS AT PALACIO DE ANZA APARTMENTS, Real Parties
in Interest and Respondents.

[Opinion certified for partial publication.*]

*Parts II, III and IV are not published; they do not meet the standards for publication contained in rule 976(b), California Rules of Court.

**COUNSEL**

Allen O. Perrier for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Joan Baumgarten for Real Parties in Interest and Respondents.

**OPINION**

**CAMPBELL, P. J.**—This case involves a dispute between the landlords of a Palm Springs apartment complex (Palacio) and the Palm Springs Rent Review Commission (Commission) concerning the proper application of Palm Springs' initiative rent-control provisions to the rents to be charged at

that apartment complex. The real parties in interest are the tenants of the apartment complex (Tenants).

Palacio appeals from a judgment of the trial court denying Palacio's petition for a writ of mandate to compel the Commission to grant Palacio a hardship rent increase.

## FACTS

On April 8, 1980, the citizens of the City of Palm Springs adopted an initiative rent-control ordinance (Initiative Ordinance). In general terms, this Initiative Ordinance: (1) limited rent increases to rates of no more than three-fourths of the percentage increase in the Consumer Price Index (CPI) over any period of time in question; (2) prohibited rent increases from being imposed more frequently than once a year; (3) did not contain a "hardship increase" provision for landlords other than a provision which declared the ordinance to be nonapplicable to those rental properties as to which the initiative ordinance would operate in a "confiscatory" manner; and (4) required that a determination as to whether such a confiscatory impact had occurred in any one particular case be made by the courts. The Initiative Ordinance also permitted the City Council of Palm Springs to "supplement" the Initiative Ordinance "so long as Palm Springs in no way diminishes any protection which this ordinance affords to tenants." (Initiative Ordinance, § 10.)

On October 1, 1980, the Palm Springs City Council adopted Ordinance No. 1117. This ordinance apparently was adopted to forestall a constitutional challenge to the initiative rent-control ordinance. Ordinance No. 1117 supplemented the Initiative Ordinance by creating a Rent Review Commission (Commission) and providing for hardship increases in rents over and above those allowed by the Initiative Ordinance in certain limited circumstances.

On November 18, 1983, the Commission conveyed a written recommendation to the city council that the city council adopt "Guidelines For Hardship Rent Increases" (Guidelines). The Guidelines set forth a very specific format and procedure for evaluating landlord applications for hardship rent increases. In accordance with the Commission's recommendation, the city council adopted the Guidelines by resolution on December 7, 1983.

On January 18, 1984, the Palm Springs City Council adopted ordinance No. 1213. This ordinance was intended to simply restate and codify (as part of the municipal code) the provisions of the prior rent-control ordinances, not to supersede or repeal any of those provisions.

On May 31, 1985, having inquired into and directly relied upon the rent-control provisions then in effect in Palm Springs, Palacio purchased the rental complex at issue in this case. On April 29, 1986, Palacio petitioned the Commission for a hardship rent increase. This petition was opposed by Tenants. The Commission conducted an extensive evidentiary hearing as to whether Palacio qualified for a hardship rent increase under the provisions of the Guidelines and the several ordinances. On June 13, 1986, the Commission denied Palacio's petition. Central to the Commission's decision was the Commission's determination that the provisions of the Guidelines relied upon by Palacio were invalid as being inconsistent with the Initiative Ordinance.

On July 30, 1986, Palacio petitioned the trial court for a writ of administrative mandamus (Code Civ. Proc., § 1094.5) to compel the Commission to reconsider and grant Palacio's request for a hardship rent increase. Following extensive briefing and argument, the trial court denied Palacio's petition for a writ of mandate on November 24, 1986. The trial court held that the Commission had not had the power to declare the Guidelines invalid, but that the Commission had been free to disregard the Guidelines inasmuch as they (the Guidelines) were not mandatory in nature. Judgment was entered pursuant to the trial court's ruling on December 16, 1986.

Just one day prior to the entry of judgment in this case, on December 15, 1986, the Palm Springs City Council had adopted resolution No. 16072. Resolution No. 16072 repealed that portion of the Guidelines which had served as the primary basis of Palacio's request for a hardship rent increase—the inclusion of purchase-money financing interest payments in costs allowable for the purpose of calculating "net operating income" (NOI).[1]

Palacio thereafter moved the trial court for an order granting a new trial. The trial court denied Palacio's motion, and Palacio thereupon filed the instant appeal.

On appeal, Palacio makes the following principal contentions: (1) The Commission was bound to follow the Guidelines; (2) the Commission's decision was not supported by substantial evidence; and (3) the Commission's decision improperly denied Palacio a just and reasonable return on its property. In response, the Tenants argue that the entire case was mooted by

---

[1] An "adequate" NOI is central to Palm Springs' concern that landlords be able to receive a fair return on their rental holdings. The greater the number, amount and types of costs "allowed" for the purpose of calculating NOI, the smaller the NOI itself will be—thus making it more likely that a hardship rent increase would be allowed.

the city council's adoption of resolution No. 16072 and that the Commission *did* in fact have the authority to declare the Guidelines invalid.

As set forth in greater detail below, we agree with the substance of Palacio's contentions. However, because of the potentially dispositive character of the issue, we first address the issue of mootness.

Additional facts will be referred to, as needed, in the discussion which follows:

DISCUSSION

I

MOOTNESS

■ Tenants contend that the city council's adoption of resolution No. 16072 prior to the entry of judgment in this case, repealing the Guideline provision upon which Palacio relied most heavily in petitioning for a hardship rent increase, has mooted this entire case. In support of their position, Tenants cite the general proposition that a right of action which has been created solely by statute is destroyed by the repeal of that statute (absent a savings clause) prior to the right's being reduced to final judgment. (See, e.g., *Graczyk* v. *Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997 [229 Cal.Rptr. 494, 58 A.L.R.4th 1245].) However accurate that general proposition might be as a statement of California law, it has no application to the case at hand.

The Guidelines and rent-control ordinances did not create a statutory "right of action" in Palacio. Rather, those enactments created land-use property rights which became vested in Palacio when the financing of the apartment purchase was undertaken in reliance on the existing rent-control laws. In this sense, Palacio enjoys a situation or status analogous to that of one who has established the right to pursue a nonconforming use on land following a zoning change. (*City of Santa Barbara* v. *Modern Neon Sign Co.* (1961) 189 Cal.App.2d 188 [11 Cal.Rptr. 57].) Any attempt to retroactively apply the repeal of the Guidelines' debt financing cost allowance to Palacio's vested rights would constitute an invalid impairment of an established economic/property interest without due process of law.

Notwithstanding the adoption of resolution No. 16072, Palacio continues to enjoy the benefit of the Guidelines' debt financing cost allowance provisions which were in effect when Palacio assumed its purchase debt obliga-

tion. It now remains to analyze the Commission's application of those provisions in this case.

## II-IV*

. . . . . . . . . . . . . . . . . . . . .

## V

### Disposition

The judgment is reversed. The trial court is directed to conduct further proceedings in this matter consistent with this opinion. In particular, the trial court is directed to issue a writ of mandate compelling the Commission to reconsider Palacio's application for a rent increase with a direction to apply the Guidelines strictly to the facts adduced in support of that application.[3] Appellants shall have their costs on appeal.

McDaniel, J., and Hollenhorst, J., concurred.

---

\* See footnote, *ante*, page 116.

[3] In light of our requirement that the Commission reconsider Palacio's application, we have declined to address the "allowable expense" issues raised by Palacio with respect to the allowance of certain management fees and an assumed annual increase of 10 percent in overall operating costs. These are issues which the Commission should be allowed to consider in light of the directions we give in this opinion.